UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :
UNITED STATES OF AMERICA                                              :
                                                                      :   CONSENT PRELIMINARY ORDER
          - v. -                                                :   OF FORFEITURE/
                                                                      :   MONEY JUDGMENT
JORDAN BENNETT,                                                       :
                                                                      :   23 Cr. 204 (PGG)
          Defendant.                                              :
                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 18, 2023, JORDAN BENNETT (the "Defendant"), among others, was charged in Indictment, 23 Cr. 204 (PGG) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); accessory after the fact to assault with a dangerous weapon and attempted murder in aid of racketeering, in violation of Title 18, United States Code, Section 3 (Count Eight); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Nineteen); and the use, carrying, and possession of a firearm in furtherance of narcotics conspiracy, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Twenty);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of:

        (a) any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

        (b) any interest in, security of, claims against, and property and contractual rights of any kind affecting a source of influence over, the enterprise which the Defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of

Title 18, United States Code, Section 1962, which interests, securities, claims and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

(c) any property constituting and derived from any proceeds which the Defendant obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3);

WHEREAS, on or about March 25, 2024, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, a sum of money in United States currency, representing property constituting and derived from proceeds which the Defendant obtained, directly and indirectly, from racketeering activity;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $25,000 in United States currency, representing property constituting and derived from proceeds which the Defendant obtained, directly and indirectly, from the racketeering offense charged in Count One of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property constituting proceeds of the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Jacob R. Fiddelman, Michael R. Herman, and Matthew J. King, of counsel, and the Defendant and his counsel, Michael Bradley, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $25,000 in United States currency (the "Money Judgment"), representing the amount of proceeds obtained directly or indirectly by the Defendant from the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JORDAN BENNETT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       7.       The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          8/30/24
    JACOB R. FIDDELMAN                        DATE
    MICHAEL R. HERMAN
    MATTHEW J. KING
    Assistant United States Attorneys
    26 Federal Plaza, 37th Floor
    New York, NY 10278
    (212) 637-2221


JORDAN BENNETT

By: _____          8/30/24
    JORDAN BENNETT                            DATE

By: _____          8/30/24
    MICHAEL D. BRADLEY, ESQ.                  DATE
    Bradley Law Firm PC
    2 Park Avenue, 20th Floor
    New York, New York 10016


SO ORDERED:

_____               August 30, 2024
HONORABLE PAUL G. GARDEPHE                    DATE
UNITED STATES DISTRICT JUDGE